36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher M. STEPHENS, Defendant-Appellant.
 No. 93-5729.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 28, 1994.
Decided: Oct. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-93-47-N)
 William P. Robinson, Jr., Robinson, Madison, Fulton & Anderson, Norfolk, VA, for appellant. Helen F. Fahey, U.S. Atty., Kevin M. Comstock, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, Christopher Stephens was convicted on one count of possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C.A. Sec. 841(a)(1), (b) (West 1981 & Supp.1994), and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994). Stephens appeals, claiming that the district court abused its discretion by denying his motion for appointment of new counsel and that the evidence was insufficient to support his convictions. Finding that his claims lack merit, we affirm.
 
 
 2
 On February 12, 1993, an undercover police detective arranged to buy crack from Paul Douglas Vann. Vann arrived at the meeting place in a white Chevrolet driven by Jermaine Lee. Christopher Stephens was sitting in the back seat. When Vann told the undercover agent that he had the drugs, Branch signalled to other police officers who arrested the three men in the Chevrolet.
 
 
 3
 A search of the vehicle revealed twenty-nine grams of crack and ninety-three grams of cocaine powder in a concealed compartment behind the back seat, and seven grams of crack and a handgun which Stephens was sitting on in the back seat. Stephens admitted ownership of the gun and the seven grams of crack, explaining that he had the pistol for protection and was going to give the crack to some people to use.
 
 
 4
 A grand jury indicted Stephens on five counts of an eight-count indictment, including possession with intent to distribute seven grams of crack (Count Five), and using and carrying a firearm during and in relation to a drug trafficking crime (Count Eight). Stephens pled not guilty to all counts.
 
 
 5
 The district court appointed counsel to represent Stephens. On the day of his trial, after the jury was empaneled, Stephens for the first time expressed to the court his dissatisfaction with his attorney. The judge declined to appoint substitute counsel, concluding that Stephens' attorney had appeared before him many times and that he respected her judgment and ability.
 
 
 6
 The jury found Stephens guilty on Counts Five and Eight and the remaining counts against Stephens were dismissed. The court sentenced him to seventy months in prison on Count Five, and a consecutive sixty-month prison term on Count Eight.
 
 I. Denial of Substitute Counsel
 
 7
 Stephens argues on appeal that his conviction should be reversed because the district court did not have a factual foundation upon which to base its decision not to appoint new counsel. A district court's decision whether to grant a motion for substitution of counsel will not be disturbed absent abuse of discretion. United States v. Gallop, 838 F.2d 105, 109 (4th Cir.), cert. denied, 487 U.S. 1211 (1988). This Court considers three factors in deciding whether the trial court exceeded its discretion: "(1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." United States v. Hanley, 974 F.2d 14, 17 (4th Cir.1992).
 
 
 8
 We find no abuse of discretion in this case. Stephens waited until the day of his trial to inform the court that he was unhappy with his attorney. Although Stephens argues that the district court's factual inquiry into the basis of his complaint was inadequate, Stephens' counsel explained the nature of the problem before the judge denied the motion. When given an opportunity to make a statement, Stephens simply said that he was dissatisfied with counsel. In denying the motion, the judge explained that based on his observations of counsel in her many appearances in his courtroom, she was very competent. We find that the district court's inquiry into Stephen's complaint was adequate. Finally, based on counsel's explanation of the dispute, the problem between client and attorney was not so severe that it would cause an inadequate defense. Thus, the court did not exceed its discretion by denying the motion for appointment of substitute counsel.
 
 II. Sufficiency of the Evidence
 
 9
 Stephens claims that the evidence was insufficient to support his convictions. "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979). Stephens complains that his convictions are based "almost exclusively" on the testimony of his co-defendants who he claims were not credible. However, the credibility of witnesses is within the sole province of the fact finder and generally is unreviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989); but cf. Breeden v. Weinberger, 493 F.2d 1002, 1010 (4th Cir.1974) (credibility determinations based on improper or irrational criteria cannot be sustained). Furthermore, there is substantial evidence supporting Stephens' convictions even without the testimony of his codefendants.
 
 
 10
 Stephens "readily admitted" that he owned the seven grams of crack and the pistol. "[I]ntent to distribute the controlled substance can be inferred if the quantity is larger than what normally would be consumed for personal use." United States v. Wright, 991 F.2d 1182, 1187 (4th Cir.1993). Floyd Baker, a special agent with the Drug Enforcement Administration testified at Stephens' trial that, in his experience, the amount of crack Stephens possessed was a greater quantity than someone would have for personal use. Plus, Stephens himself said that he intended to give the crack to some girls to use. This evidence is sufficient for a rational fact finder to find Stephens guilty beyond a reasonable doubt of possession of crack with intent to distribute.
 
 
 11
 The elements of using and carrying a weapon in relation to a drug trafficking crime are (1) knowing use of a firearm (2) during and in relation to a drug trafficking crime. United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). This Court has held that where the evidence supports a conviction for possession of a controlled substance with the intent to distribute, and a firearm is found within the defendant's dominion and control, the jury may infer that the defendant possessed the weapon to further his business, based on the "dangerous and often violent enterprise." United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988). Because the evidence supports Stephens' conviction for possession with intent to distribute crack and Stephens admits to ownership of the pistol, the evidence was sufficient to support the jury's finding that he used the gun during and in relation to a drug trafficking crime.
 
 
 12
 For these reasons, we affirm Stephens' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED